UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No. 4:11-1174-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Mr. William "K" Kenney Boone, Sheriff; | ) | |
| Mr. W.D. Mitchel; | ) | |
| Mr. Scott Dangerfield, Investigator; | ) | |
| Ms. Lt. NFN Western, Sheriff; | ) | |
| Ms. Clauida Cooper; | ) | |
| Mr. Larry Rodgers, Chief of Police; | ) | |
| Chief NFN Brown, and | ) | |
| Cpt. Franklin Abney, sueing all Defendants in their own, | ) | |
| privet, and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

Plaintiff, Leo McClam, has a long history of filing civil actions in this Court. According to his Answers to the Court's Special Interrogatories (ECF No. 14), he is not currently incarcerated. In this case, Plaintiff complains that he was "falsely arrested" by several Florence County law-enforcement officials on "2-01-11" because he was trying to tell President Obama and several heads of other foreign countries that Defendants, some South Carolina and some Florida law enforcement officials, are all plotting to assassinate them. Plaintiff claims that he knows about the planned assassinations because he applied for a job as an "assassin" at a job fair he attended in Florida in

connection with his "re-entry program." He claims that he "graduated" from the re-entry program "on February 1, 2011" and that these plans for assassination were in place on "8-05-11."

Plaintiff further claims that "all of the Defendants" were involved in black-marketing cell phones, radios, gun, and weapons of mass destruction "on or around 05-01-2010," and that these nefarious activities were taking place "from the store directly on the side of the Grayhound [sic] Bus Station in Jacksonville, GA., Scranton, S.C., Orlando FL, etc." Finally, he claims that "all Defendants" are involved in recruiting persons from the armed services, N.A.S.A., and Homeland Security to act as terrorists toward Plaintiff and toward other United States citizens.

In the way of relief, Plaintiff seeks a declaratory judgment to the effect "that what Defendants did was wrong." He also wants all Defendants fired from their jobs and to "get the DEATH penalty." He also seeks actual and punitive damages for the "false arrests" he allegedly suffered, and asks the Court to keep all the Defendants "on the U.S.A. soil" because he thinks they are "flight risks."

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 631 n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

## **Analysis**

Initially, Plaintiff cannot state a viable Fourth Amendment/false arrest claim pursuant to 42 U.S.C. § 1983[1] against any of the Defendants. In his Answers to the Court's Special Interrogatories he acknowledges that each of the arrests of which he complains was made with the use of an arrest warrant. He does not challenge the facial validity of any of the arrest warrants. Instead, he

---

[1] Because there is no basis for the exercise of diversity jurisdiction in this case as both Plaintiff and many of the Defendants are residents of South Carolina, *see C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002), Plaintiff's claims must be considered under this Court's federal question jurisdiction. 28 U.S.C. § 1331. The only apparent potential basis for federal question jurisdiction under Plaintiff's allegations is an action for alleged constitutional violation pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

contends that he should not have been subjected to arrest in the first place because he claims that he was only trying to warn others of dangers. Because he was arrested, he claims that the arrests were "false arrests" entitling him to damages and other relief. Plaintiff's contentions are not valid under the circumstances presented and the applicable law.

In South Carolina, there can only be a viable false arrest claim where the subject arrest was made without a warrant. According to the Fourth Circuit, if an arrest warrant was issued, there can be no § 1983 "false arrest" claim. *Dorn v. Town Of Prosperity*, 375 F. App'x 284 (4th Cir. 2010). As stated above, the documents submitted in this case show that the arrest of which Plaintiff complains was conducted with a facially valid arrest warrant, thus he can state no viable § 1983 false arrest claim against any Defendant based on that arrest.

Also, to the extent that the Complaint may be liberally construed as seeking damages and other relief for Plaintiff because of his claims that Defendants are planning to assassinate world leaders, to sell black-market goods, and to act as terrorists against other American citizens, Plaintiff lacks standing to bring this claim as the Complaint does not establish "that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). In order to have standing, a plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Allen v. Wright*, 468 U.S. 737, 751 (1984) ("plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct"). To the extent that Complaint contains allegations of wrongdoing by Defendants to persons other than Plaintiff, it should be summarily dismissed because Plaintiff lacks standing to sue on behalf of others.

Moreover, insofar as Plaintiff contends that Defendants' wrongdoing was directed toward him personally, the allegations contained in the Complaint are too conclusory, collective in nature, and lacking in detail regarding the personal involvement of each Defendant in connection with such wrongdoing to state any viable claim against any particular Defendant.  In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the Plaintiff complains and the official sued.  *See Kentucky v. Graham*, 473 U.S. 159 (1985).  A plaintiff suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused, or played a role in causing, the deprivation of a federal right.  *See Graham*, 473 U.S. at 166. Plaintiff's allegations do not show a "causal connection" or "affirmative link" between the conduct alleged and the individual Defendants because the vast majority of Plaintiff's allegations are couched in collective terms rather than in personal terms.  For example, Plaintiff states that "*all of the Defendants* were plotting and planning to murder [various heads of state]."  Additionally, he states "the Defendants were making, housing, and marketing weapons of mass destruction . . .*[a]ll of the Defendants* was[sic], and still housing illigal [sic] immigrants on U.S.A. soil."  These are just a few examples.  Virtually all of Plaintiff's allegations are written in the same conclusory and collective terms.  Even if the Court were to assume that the wrongdoing alleged could somehow be viewed as violations of the Plaintiff's constitutional rights by someone, the allegations simply do not provide enough specific information about what each separate Defendant did or does in connection with the wrongdoing to establish a viable § 1983 claim for personal liability against any named Defendant.

Finally, even if the Complaint's collective allegations of wrongdoing by "the Defendants" or "all the Defendants" could be liberally construed as sufficient to establish potential personal liability of each Defendant, the allegations about the supposed wrongdoing cannot be given even momentary credibility. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986)(Courts need not assume the truth of legal conclusions couched as factual allegations); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("Even though *pro se* litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"). Plaintiff's allegations of terrorism and other serious criminal behavior against numerous law enforcement officials in this state and in Florida are simply not believable. As noted in *Denton v. Hernandez*, 504 U.S. at 32, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. Because the Supreme Court has held that a court may dismiss a claim as factually frivolous . . . if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional," *id.* at 32-33, this case should be dismissed under 28 U.S.C. § 1915(e).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 22, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).